United States District Court
Eastern District of Louisiana

| | |
|---|---|
| ANGELA T. LANGLEY AND ROBERT DARTEZ, JR. | CIVIL ACTION NO. 21-cv-1475 |
| VERSUS | SECTION "J" |
| SHERATON OPERATING CORPORATION d/b/a SHERATON NEW ORLEANS HOTEL, THE SHERATON, LLC, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, CANAL STREET HOLDINGS, INC., AND ADOLFO HERNANDEZ VELASQUEZ | JUDGE CARL BARBIER  MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 9)** filed by Plaintiffs, Angela Langley ("Langley") and Robert Dartez Jr. ("Dartez") (collectively "Plaintiffs") and an *Opposition* **(Rec. Doc. 14)** filed by Defendants, Sheraton Operating Corporation d/b/a Sheraton New Orleans Hotel ("Sheraton New Orleans"), Sheraton, LLC, Starwood Hotels & Resorts Worldwide, LLC (Starwood"), Canal Street Holdings, Inc. ("Canal Street Holdings") and Adolfo Hernandez Velasquez ("Velasquez") (collectively "Defendants"). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of incident that occurred on January 3, 2021. Langley was allegedly sitting on the bed in her hotel room operated by Sheraton. (Rec. Doc. 1-1),

1

at 2. Plaintiffs allege the headboard detached from the wall and struck Langley, causing her serious injuries to her head, neck, and other parts of her body. *Id.*

On June 28, 2021, Plaintiffs filed suit in the Civil District Court for Orleans Parish, claiming that Defendants' negligence proximately caused their injuries.

On August 4, 2021, Defendants removed the case to this Court. They contend that this Court has diversity jurisdiction, because the matter is worth more than $75,000 and the parties are completely diverse, because Velasquez was improperly joined. (Rec. Doc. 1). Neither party contest that Plaintiffs are citizens of Louisiana, and Defendants, aside from Velasquez, are citizens of other states.

On August 26, 2021, Plaintiffs filed to remand the case, arguing that Velasquez was properly joined and is a Louisiana citizen, which destroys diversity jurisdiction.

## **LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the

propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Complete diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person who is a citizen of the United States and domiciled in a state is a citizen of that state. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Foreign nationals are not considered diverse if they are lawfully admitted for permanent residence in the United States and are domiciled in the same State as the adverse parties. 28 U.S.C. § 1332(a)(2).

For purposes of diversity, citizenship is determined by a party's domicile, and not by residence. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Domicile is defined as "[a party's] true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *Id*. (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). The burden of establishing federal jurisdiction lies with the party invoking it. *Coury*, 85 F.3d at 250. When assessing domicile, a "court should look to all evidence shedding light on the litigant's intention to establish domicile." *Id*. at 251.

United States Citizens domiciled abroad are considered stateless, as are parties who are neither citizens of a state nor citizens of a foreign state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989); *Yousef v. James River*

*Ins. Co.*, No. 21-160, 2021 WL 2010768 at *2-3 (E.D. La. May 20, 2021). Presence of a stateless party spoils complete diversity. *Newman-Green, Inc.*, 490 U.S. at 829-30.

## DISCUSSION

Whether complete diversity exists depends on Velasquez's citizenship for purposes of 28 U.S.C. § 1332(a) jurisdiction. Plaintiffs are citizens of Louisiana, so they argue Velasquez is a Louisiana resident who destroys diversity jurisdiction. Defendants contend that Velasquez is a Mexican citizen, which renders the parties diverse.

"[D]istrict courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens of subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same state." 28 U.S.C. § 1332(a)(2). "Courts look to [a foreign person's] official immigration status to determine whether he or she has been admitted to the United States for permanent residence." *Moore v. Marriot Int'l, Inc.*, 2020 U.S. Dist. LEXIS 232158, at *5-6 (E.D. La. Dec. 10, 2020). A person has permanent residence for diversity jurisdiction if that person has permanent resident status under immigration law. *Funygin v. Yukos Oil Co.*, 2005 U.S. Dist. LEXIS 43352, at *5 (S.D. Tex. July 28, 2005). However, if a foreign person possesses less than permanent resident status, that person is not a citizen of a state. *Id.*; *Vargas v. Traylor Bros. Inc.*, 2009 U.S. Dist. LEXIS 126466, at *5-6 (S.D. Tex. Nov. 4, 2009) (finding that Defendant was citizen of foreign state because no evidence of permanent resident status). Specifically, any other temporary nonimmigrant visa is not sufficient for permanent residence status

for diversity jurisdiction. *Funygin*, 2005 U.S. Dist. LEXIS 43352, at *5.

In the present matter, Velasquez was born in Mexico and retains Mexican citizenship. Velasquez does not have permanent resident status but rather, he works in the United States under a Trade NAFTA visa. Because he has less than permanent resident status, Velasquez is not a Louisiana citizen. For purposes of diversity jurisdiction, he is treated as a foreign citizen, so the parties remain completely diverse.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 9)** is hereby **DENIED.**

New Orleans, Louisiana, this 18th day of November, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE